**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**BRIAN TACKETT,** **PLAINTIFF**

**V.** **NO. 2:04CV312-WAP-EMB**

**LINDA TACKETT, ET AL.,** **DEFENDANTS**

**REPORT AND RECOMMENDATION**

This matter is before the Court on *pro se* plaintiff's "Rule 65 Motion for Preliminary Restraining Order" filed on November 2, 2004. The matter has been referred to the undersigned United States Magistrate Judge for issuance of a report and recommendation.

In his motion, plaintiff states defendants stole the property that is the subject of this lawsuit. Plaintiff further states, "Defendants will attempt to conceal and otherwise remove assets from the power of this court in order to avoid the financial consequences of any judgment against them." As such, plaintiff seeks an order enjoining defendants from disposing of any assets owned or controlled by them or requiring them to post bond in an amount sufficient to satisfy the judgment sought.

The burden in a motion for preliminary injunction rests on the movant. "A preliminary injunction is considered an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Evergreen Presbyterian Ministries, Inc. v. Hood*, 235 F.3d 908, 917 (5th Cir.2000); *see also Okpalobi v. Foster*, 190 F.3d 337, 342 (5th Cir.1999), *Duncanville Independent School Dist. v. Kendrick*, 994 F.2d 160, 163 (5th Cir.1993).

The Court's jurisdiction to provide equitable relief, such as injunctions, is limited. As such, a district court does not have the authority to issue an injunction preventing a defendant from transferring assets in which no equitable interest is claimed. *See Grupo Mexicano de*

*Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). Stated differently, absent a statutory grant of authority, a district court may not grant a preliminary equitable remedy in an action at law. *See In re Enron Corp. Securities Litigation*, No. CIV.A. G-02-0084, H-01-3624, 01-CV-3645, 2002 WL 1001058, at *3 (S.D. Tex. May 16, 2002) (citing *Grupo Mexicano de Desarrollo, S.A.*,527 U.S. 308).

In this case, the only relief sought in the Complaint is monetary damages. Accordingly, equitable preliminary relief is not available. Therefore, it is my recommendation that plaintiff's motion for a preliminary injunction be denied.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 6th day of December, 2004.

**/s/ Eugene M. Bogen**
**U. S. MAGISTRATE JUDGE**