# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

BRIAN TACKETT,                                                                 PLAINTIFF

V.                                           NO. 2:04CV312-WAP-EMB

LINDA TACKETT, ET AL.,                                           DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* plaintiff's Motion for Default Judgment. The matter has been assigned to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation.

In support of his motion for default judgment, plaintiff states that defendants were served copies of the Complaint and summonses, and their answers were due on or before December 23, 2004; no defendant has answered the Complaint; and plaintiff is thereby entitled to a judgment in the amount of the $828,000.00 sought in the Complaint.

Plaintiff filed his Complaint in this Court on November 2, 2004. The Complaint names as defendants Linda Tackett of Bowling Green, Kentucky; Tyrone Tackett of Hendersonville, Tennessee; Cyclone, Inc. of Bowling Green, Kentucky; Grace Transport, LLC of Portland, Tennessee; and Tytac, Inc. of Bowling Green, Kentucky. The Complaint asserts state law conversion claims and civil RICO claims against each defendant. Summonses were issued for all defendants on November 2, 2004; and returns of service for all defendants were filed on November 30, 2004. Thereafter, Plaintiff filed a motion for entry of default on December 29, 2004; and the Clerk made entry of default for all defendants the same day.

Having thoroughly reviewed this record, the undersigned finds defendant has failed to present any affidavits or documentary evidence establishing his claim for damages herein.

Moreover, the "proofs of service" filed by plaintiff show only that packages were delivered by Federal Express to each defendant. No signatures were obtained for receipt of these shipments with the exception of a shipment intended for Grace Transport, LLC. Because this mode of service is not one provided for by the Federal Rules of Civil Procedure or under Mississippi law, no defendant has been properly served in this case; and, thus, no defendant is in default. Therefore, it is my recommendation that plaintiff's motion for default judgment be denied.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 1st day of April, 2005.

**/s/ Eugene M. Bogen**
**U. S. MAGISTRATE JUDGE**